In the Matter of the Application of JOHN A. MURPHY, as Administrator, etc., of GEORGE W. MURPHY, Deceased, for an Order Compelling the Discovery and Delivery of Property of the Deceased. JOHN A. MURPHY, as Administrator, etc., of GEORGE M. MURPHY, Deceased, Appellant; RUTH FOUHY, Respondent.— This is a discovery proceeding in which the appellant administrator sought to recover from the respondent four weekly endowment insurance policies aggregating approximately $850 on the life of the decedent, and a bank book showing a balance of $3,023.54 to the credit of decedent. Beneficiaries were not named in the policies. Respondent asserted title to the policies and the bank book by way of gift from the decedent; and the surrogate so found and dismissed the petition. Decedent, who was a widower, died November 20, 1939. Respondent was a niece of the decedent's wife. One Fatsinger, a married man but separated from his wife, was a boarder from May, 1937, until November 10, 1939, in an apartment in New York city where respondent and her brother also resided. In October, 1939, Fatsinger purchased a house at New Hyde Park, to which he, decedent, and respondent moved on November 10, 1939. Fatsinger testified that while he lived in New York city decedent told him that he, decedent, had four policies that he intended to give to respondent " because of her goodness " to decedent, and subsequently decedent told Fatsinger that he wanted Fatsinger to take charge of the policies and pay the premiums. Two days later, after they moved to New Hyde Park, decedent delivered to Fatsinger the policies and the premium receipt books and they remained in Fatsinger's possession until decedent's death. There was no proof of delivery of the policies to the respondent and, in our opinion, the proof was insufficient to establish a gift of the policies to respondent. On November 17, 1939, decedent became ill and the following morning a physician was summoned, who advised that he be removed to a hospital. Decedent feared that he would not get well and at his request Fatsinger brought him his bag, from which decedent removed the bank book and handed it to respondent, saying: " If anything ever happens to me this is for you." The physician corroborates Fatsinger as to the gift and delivery of the bank book to respondent. The surrogate, who had an opportunity to see and hear the witnesses, credited this testimony, and we would not be justified in disturbing his finding in this respect. Decree of the Surrogate's Court, Nassau County, modified by striking out the first, third and fifth decretal paragraphs and inserting in place thereof a provision that John A. Murphy, as administrator of the estate of George W. Murphy, have full and complete title to the four insurance policies, aggregating the sum of $848, on decedent's life; that respondent has no interest of any nature or kind in and to said policies; and that respondent deliver said policies to John A. Murphy, as administrator, etc. As thus modified, the decree is affirmed, without costs, and the matter is remitted to the Surrogate's Court for the entry of a decree accordingly. Johnston, Adel and Close, JJ., concur; Lazansky, P. J., and Hagarty, J., concur,

except in so far as it is adjudged that respondent has full and complete title to the bank account, in which respect they dissent and vote to modify the decree further so as to provide that the appellant, as administrator, has full and complete title to the bank account and to direct the delivery of the bank book to the administrator, with the following memorandum: In our opinion the finding as to the bank book should be reversed on the facts, and this court should find that there was no gift *causa mortis*. (Surr. Ct. Act, § 309.)